FILED
2008 SEP -2 AM 10: 15
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2679

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No._____ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | |
| **Cesar REYES-Laguna** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| Defendant. | Bringing in Illegal Alien Without Presentation (Felony) |

The undersigned complainant being duly sworn states:

On or about **August 29, 2008**, within the Southern District of California, defendant **Cesar REYES-Laguna**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Araceli LUIS-Mendez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this 2nd day of **September, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Gabriela Nicasio, declare under penalty of perjury the following to be true and correct:

The complainant states that **Araceli LUIS Mendez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 29, 2008 at approximately 0356 hours, **Cesar REYES Laguna (Defendant)** made application for admission into the United States from Mexico at the San Ysidro Port of Entry vehicle entrance lane. **Defendant** was the sole visible occupant and driver of a Gold 1980 Volvo sedan. Defendant approached a U.S. Customs and Border Protection (CBP) Officer manning the inspection booth and presented a California Birth Certificate and a California Identification Card. Defendant told the primary CBP officer he was the owner of the vehicle and presented a vehicle registration bearing the Defendant's name and address. Defendant told the primary CBP officer he had purchased the vehicle a couple of weeks ago. Defendant told the primary CBP officer that he was not bringing anything from Mexico and that he was going to Riverside, California. During the primary vehicle inspection, the primary CBP officer noticed the rear seat appeared raised, bulky and was newly upholstered. The primary CBP officer also noticed the vehicle registration was counterfeit and that the vehicle plates did not match the vehicle. The primary officer escorted the Defendant and the vehicle to secondary for further inspection.

In secondary, CBP officers discovered two females lying on the floor facing upright under the rear seat. CBP officers completely removed the bench seat and after numerous unsuccessful attempts, CBP officers removed the rear seat backrest creating enough space for the two females to be extracted. The two females were determined to be citizens of Mexico without entitlements to enter the United States. One of the females was identified as **Araceli LUIS Mendez** and is being held as a **Material Witness**. The other female, Dominga BARRERA-Barrientos was administratively removed from the United States.

During a videotaped proceeding Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. During a subsequent interview Defendant denied knowledge that a person was concealed in the vehicle. Defendant denied being the owner of the vehicle and stated he rented the vehicle from an unknown male he met in Tijuana. Defendant stated he was going to San Ysidro, California. Defendant admitted he has two prior apprehensions for alien smuggling.

A videotaped interview was conducted with Material Witness. Material Witness stated that she is a citizen of Mexico and that she has no documents to lawfully enter the United States. Material Witness stated that she made arrangements with an unknown smuggler in Mexico and was to pay $2,000.00 U.S. dollars to be smuggled into the United States. Material Witness stated she intended to travel to Los Angeles, California to reside and seek employment.

**Continued on Probable Cause Statement page 2**
**Probable Cause Statement continuation**

Executed on this 29th day of AUGUST 2008 at 1600 hours.

_____
G. Nicasio / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page, I find probable cause to believe that the defendant named therein committed the offense on **August 29, 2008** in violation of Title 8, United States Code, Section 1324.

_____
MAGISTRATE JUDGE

8/30/08 - 12:10 PM
DATE / TIME

2